# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>               Plaintiff,<br><br>   v.<br><br>LUCKEN, *et al.*,<br><br>              Defendants. | Case No.  1:21-cv-00702-NONE-BAM (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S OPPOSITION TO SCREENING ORDER (ECF No. 14)<br><br>ORDER GRANTING **FINAL** EXTENSION OF TIME FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 23, 2021, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or notify the Court that he is willing to proceed only on his claim for excessive force in violation of the Eighth Amendment against Defendants Lucken, Sepeda, and Blanco. (ECF No. 6.) Following an extension of time, Plaintiff filed a motion for a 60-day extension of time to file an opposition to the Court's screening order, and a 60-day extension of time after the Court rules on Plaintiff's opposition to file a first amended complaint. (ECF No. 11.) The Court granted the request in part, and granted Plaintiff an extension of time to file his first amended complaint (or a notice that he is willing to proceed on the cognizable claims

1

1 identified by the Court) only.  (ECF No. 12.)  Plaintiff was specifically instructed that he was
2 "**not granted leave to file an opposition to the screening order**."  (*Id.* at 2 (emphasis in
3 original).)
4       On November 29, 2021, despite the Court's explicit instructions, Plaintiff filed an
5 opposition to the screening order.  (ECF No. 14.)  Plaintiff states that he opposes and objects to
6 the decision to dismiss claims against Defendants Riley, Shittu, and Doe #1, and requests that the
7 Court reinstate all claims and defendants it proposed dismissing in the screening order and allow
8 all claims and defendants to proceed forward.  Plaintiff further requests that if the Court rules
9 against Plaintiff, to any degree, that he have an opportunity to appeal to the District Judge, and
10 subsequent to any adverse, unfavorable ruling, that he receive 60 days to file a first amended
11 complaint as/if necessary.  (*Id.*)
12       As noted above, Plaintiff has not complied with the Court's September 28, 2021 order
13 directing him to file a first amended complaint or to notify the Court that he is willing to proceed
14 only on his claim for excessive force against Defendants Lucken, Sepeda, and Blanco.  As such,
15 Plaintiff's opposition to the screening order is disregarded.
16       The Court again clarifies for Plaintiff that the July 23, 2021 screening **did not dismiss**
17 **any claims or defendants**, and Plaintiff has already been granted leave to file a first amended
18 complaint.  The Court will **not** address any opposition filed in response to the screening order.
19 Plaintiff will be granted **one final opportunity to file a first amended complaint** (or a notice
20 that he is willing to proceed on the cognizable claims identified by the Court).  If Plaintiff
21 chooses to file a first amended complaint, he may include claims raised against Defendants Riley,
22 Shittu, and Doe #1, and the Court will screen those claims in addition to claims raised against
23 Defendants Lucken, Sepeda, and Blanco.
24       However, if Plaintiff files another opposition in response to the screening order, the Court
25 will treat the opposition as an indication that Plaintiff wishes to stand on the allegations raised in
26 the original complaint, and will proceed with the analysis presented in the July 23, 2021 screening
27 order.  **Plaintiff is warned that if he chooses to stand on the allegations raised in the original**
28 **complaint instead of filing a first amended complaint, he may not be granted leave to file**

**another amended complaint.**

<u>Plaintiff is further warned that he will not be granted further extensions of time to respond to the Court's screening order without a showing of good cause</u>.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Aschroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's opposition to the screening order, (ECF No. 14), is DISREGARDED;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL **choose one of the following:**
   a. File a first amended complaint curing the deficiencies identified by the Court in the July 23, 2021 screening order; **or**
   b. Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his claim for excessive force in violation of the Eighth Amendment against Defendants Lucken, Sepeda, and Blanco; **or**
   c. Notify the Court that he wishes to stand on the allegations in the original complaint;

3

4. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

   Dated:   **December 8, 2021**                /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE