1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT

9
### EASTERN DISTRICT OF CALIFORNIA

10

11  KING MWASI

12                 Plaintiff,

13       v.

14  GUARD R. LUCKEN, *et al.*,

15               Defendants.

16

Case No.  1:21-cv-00702-NONE-BAM (PC)

FINDINGS AND RECOMMENDATIONS
REGARDING DISMISSAL OF CERTAIN
CLAIMS AND DEFENDANTS

 (ECF No. 16)

**THIRTY (30)  DAY DEADLINE**

17       Plaintiff King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* and in *in forma*

18 *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on

19 April 29, 2021, was screened, and Plaintiff was granted leave to amend or to notify court of

20 willingness to proceed on cognizable claims.  Plaintiff's first amended complaint, filed on

21 January 3, 2022, is before the Court for screening. (Doc. 16.)

22 **I.     Screening Requirement and Standard**

23       The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

25 § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

26 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

27 relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

28       A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at San Quentin State Prison.  The events in the complaint are alleged to have occurred at North Kern State Prison ("NKSP").  Plaintiff names the following defendants:  (1) Guard R. Lucken, (2) Guard C. Sepeda, (3) Sergeant Guard A. Blanco, (4) Dr. Adekunle Shittu, Chief Physician at NKSP, (5) RN II Craig Riley, and (6) DOE 1 (nurse) and DOE 2.  Defendants are sued in their individual and official capacities.

On October 26, 2018, about 11-11:30 a.m., Plaintiff went to the Correctional Treatment Center to pick up new state-issued eyeglasses because the only pair he had were is old personal glasses which were over 10 years old.  The nurse Doe 1 who was passing out glasses said that Plaintiff must exchange his old glasses one-for-one.  Nurse Doe 1 falsely claimed that inmates can possess only one pair of glasses, so to receive the new, Plaintiff would have to surrender the old.  Plaintiff explained there is no such policy and asked to see the policy.  She did not know policy.  Any exchange would not include an inmate's personal items, only exchange as to state-issued items.

Nurse Doe 1 called her supervisor, Defendant RN Craig Riley. Defendant Riley repeated/gestured the same false information and could not produce the policy.  They called the

2

Chief Physician, Defendant Shittu. Dr. Shittu "talks very fast w/accent. So impossible to read his lips well to catch all," but he said the same, that there must be a one-for-one exchange. Plaintiff gestured or wrote that there is no such policy, and he would not trade his personal glasses for state issued. Plaintiff chose his right to refuse state issued glasses and keep his personal glasses. Defendant Shittu became angry and summoned guards. Defendants Lucken and Sepeda entered, and Defendant Shittu explained the problem. Defendant Shittu instructed the guards to take Plaintiff's glasses. Defendant Lucken gestured and said to get the glasses, you must exchange, and if you don't, you don't get new glasses. Plaintiff said/gestured he would keep his personal glasses. Defendant Lucken said ok, it is Plaintiff's right to refuse which Defendant Shittu refused to accept. He told Defendant Lucken to take the glasses.

Defendants Lucken and Sepeda told Plaintiff to stand and then handcuffed him. Defendant Lucken took Plaintiff's personal glasses. Defendant Shittu watched angrily and Defendant Lucken tightened the cuff to cause pain while Plaintiff yelled "too tight." Defendants Lucken and Sepeda "pulled me out office roughly grabbing and jerking me toward wall after Plaintiff refused to sign paper/receipt to accept state glasses." Defendants Lucken and Sepeda slammed Plaintiff to the wall while Defendant Lucken was twisting Plaintiff's hands and bending them up to cause pain and pushing the cuffs as tight as possible. Plaintiff yelled in pain and said "pain." They shoved Plaintiff in a holding cell for 5-10 minutes in severe pain.

Then, Defendant Blanco opened the tank door with Defendants Lucken and Sepeda. Defendant Blanco had the glasses receipt and gestured for Plaintiff to sign. Defendant Lucken grabbed Plaintiff by the shoulder and neck to force Plaintiff to sign. Plaintiff nodded "no" and said "mine." Defendant Lucken shoved Plaintiff back and closed the door. Five minutes later, Defendants Lucken and Sepeda opened the door, pushed and jerked Plaintiff down the hall, near Defendant Blanco's office. Plaintiff tried to get Defendant Blanco's attention to stop the abuse. Defendant Blanco came out yelling, and he slammed Plaintiff against the wall with Defendant Lucken's help. Both bent Plaintiff's hands/wrists to cause pain. Plaintiff kept yelling in pain. Both ignored Plaintiff. Defendant Lucken put the paper in Plaintiff's face and gestured to sign. Plaintiff nodded "no". Defendant Lucken bent Plaintiff's wrists more and slammed Plaintiff

again.

Defendant Sepeda escorted Plaintiff to the yard and uncuffed Plaintiff.  When Plaintiff saw his injuries, he went to the yard clinic as an emergency walk in.  RN Villanueva noted left wrist: 3 bumps, bruises, swelling and scraps and noted on Plaintiff's right wrist: one lump, bruised, swelling and scrapes.  Plaintiff could barely move his wrists and was in pain.

Plaintiff filed a 602 grievance but the institution failed to return his glasses and failed to produce any policy supporting a one-for-one exchange.  Headquarters then changed the rationale, that glasses with metal frames were not allowed. But there is no policy about metal frames either. An investigation was conducted, and Lt. Waddle agreed with Plaintiff. He found Plaintiff's glasses and gave them back to Plaintiff on December 27, 2018. Plaintiff was without glasses for two months.  However, Lt. Waddle failed to conclude that staff violated policy.

Plaintiff alleges excessive force, unlawful taking of Plaintiff's eyeglasses, violation of ADA, violation of California Constitution, negligence, assault and battery against Defendant Lucken, Sepeda and Blanco.  Plaintiff alleges negligence, improperly ordering custody to take Plaintiff's glasses and ADA against Defendants Shittu, Riley, and Doe 1.  Plaintiff alleges that these defendants are de facto supervisors of Defendants Lucken, Sepeda and Blanco and caused and set in motion the events leading to the excessive force and directed that force be used against Plaintiff.  Plaintiff also claims retaliation in violation of the First Amendment by all defendants for Plaintiff's lawful refusal to state issued glasses.

As relief, Plaintiff seeks compensatory and punitive damages against each defendant.

**III.    Discussion**

**A. Official Capacity**

Plaintiff sues Defendants in their official capacities. A suit against a public employee in his official capacity is equivalent to a claim against the employer. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department*, 533 F.3d 780, 799 (9th Cir. 2008), cert. denied, 555 U.S. 1098 (2009). "Suits against state officials in their official capacity...should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.,* 599 F.3d 1108, 1111 (9th Cir. 2010) (treating

prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis in original). "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

To the extent that Plaintiff seeks damages from Defendants in their official capacities, the Eleventh Amendment bars Plaintiff's suit. *See Mitchell v. Washington*, 818 F.3d 436, 441 (9th Cir. 2016). To the extent Plaintiff seeks prospective declaratory or injunctive relief, only cognizable claims against them may go forward. *See Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997). Plaintiff has not stated any prospective relief and therefore, any claim against defendants in their official capacities will be dismissed.

### B. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for excessive force for tight handcuffing, slamming Plaintiff into the wall, twisting his hands and raising them up while in the cuffs, against Defendants Lucken, Sepeda and Blanco. Plaintiff fails to state a cognizable claim for being "pushed," "shoved," "jerked" or the like, because not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.  In addition, Plaintiff fails to state an excessive force claim against Defendants Riley, Nurse Doe 1 or Dr. Shittu as they did not lay hands on Plaintiff.

Insofar as Plaintiff is attempting to sue Defendants Riley, Nurse Doe 1 or Dr. Shittu, or any other defendant, based solely upon their alleged supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

While Plaintiff alleges Dr. Shittu directed Defendants Lucken and Sepeda to take the glasses, there are no allegations that Dr. Shittu directed the manner of taking the glasses.  In fact, the alleged excessive force involved handcuffing which occurred mostly outside of the presence

of Dr. Shittu, and in the hallway away from Dr. Shittu.  There is no allegation that Defendant Lucken took the glasses from Plaintiff with any excessive force. There is no allegation that Dr. Shittu instructed that Plaintiff be handcuffed to take the glasses. Plaintiff merely alleges a "de facto" supervisory role by Dr. Shittu, Riley and Nurse Doe 1, without any factual support that these medical defendants were supervisors of the custody staff, Defendants Lucken and Sepeda.

Plaintiff has failed to allege specific facts showing how each defendant was directly and personally involved in inflicting the alleged constitutional injury. Plaintiff's barebones assertions and conclusory allegations about the supervisory roles of Dr. Shittu, Riley and Nurse Doe 1 as to Defendant Lucken and Sepeda are insufficient.  *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### C.  Retaliation – First Amendment

Plaintiff may be attempting to allege retaliation against all defendants.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff offers no facts which could plausibly state a cognizable retaliation claim. Plaintiff offers only conclusory allegations. There is no indication from the allegations in the complaint that any defendant took any adverse action against Plaintiff because of any protected activity or that the actions of any defendant had a chilling effect on Plaintiff's future First Amendment activities or that he suffered any harm. In fact, refusing glasses is not protected activity, and even if it were, Plaintiff's allegations do not demonstrate that actions taken by defendants in any way chilled the exercise of his First Amendment rights.

///

### D.  Appeals Process

To the extent that Plaintiff seeks to state a claim based on any of the Defendants' handling or responding to his inmate appeals, Plaintiff cannot state a claim. Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Similarly, Plaintiff may not impose liability on a defendant simply because he or she played a role in processing or responding to Plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (because an administrative appeal process is only a procedural rights, no substantive right is conferred, no due process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983."). *Farmer v. Clark,* No. 1:20-CV-00866-SAB(PC), 2020 WL 5763822, at *5 (E.D. Cal. Sept. 28, 2020), report and recommendation adopted in part, No. 1:20-CV-00866-NONE-SAB(PC), 2020 WL 6270268 (E.D. Cal. Oct. 26, 2020). Any argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *accord Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir. 1999); *Haney v. Htay*, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. 2017); *Womack v. Tate*, No. 1:19-CV-0614-DAD-BAM(PC), 2021 WL 195420, at *7 (E.D. Cal. Jan. 20, 2021), report and recommendation adopted, No. 1:19-CV-00614-DAD-BAM, 2021 WL 1238424 (E.D. Cal. Apr. 2, 2021), order confirmed, No. 1:19-CV-00614-DAD-BAM(PC), 2021 WL 1754140 (E.D. Cal. May 4, 2021).

### E.  Deprivation of Property

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co*., 455 U.S. 422, 435–36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the

Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

Plaintiff alleges Defendants engaged in an unauthorized, intentional deprivation of his property. Due process is therefore satisfied if there is a meaningful post-deprivation remedy available to him. *Id*. Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff fails to allege a cognizable due process claim based on the deprivation of his glasses against any of the named defendants. Plaintiff has been unable to cure this deficiency.

### F. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Plaintiff has failed to link Doe 2 to any alleged violation. Plaintiff has been unable to cure this deficiency.

### G. American With Disabilities Act

Title II of the Americans with Disabilities Act (ADA), which applies to state prisons, prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132 (1994); *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001). To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from

participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010). A prisoner may state a Title II claim based on "the alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs[.]" *United States v. Georgia,* 546 U.S. 151, 157 (2006).

"To recover monetary damages under Title II of the ADA... a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Intentional discrimination is measured by the deliberate indifference standard. *Id.* "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* In order to meet the second, subjective element of the deliberate indifference test, a failure to act must be the result of conduct that is more than negligent and involves an element of deliberateness. *Id.* at 1139.

Plaintiff's complaint does not set forth any facts supporting a claim that he was excluded from, or discriminated against, regarding services, programs, or activities because of some unnamed disability. Plaintiff's ADA claim is stated summarily against all defendants. The complaint fails to allege the nature of plaintiff's disability or the accommodations he requires. There are also no allegations that show subjective deliberate indifference on the part of any Defendant. Plaintiff's complaint does not set forth any facts supporting a claim that he was excluded from, or discriminated against, regarding services, programs, or activities because of his disability.

**H. Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Vill.*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v.*

*Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### I.   State Regulations

Plaintiff alleges violations of prison regulations or prison policies by various defendants. However, § 1983 only provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist*., 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v. Kissinger*, No. CIV S–04–0878-GEB-DAD-P, 2009 WL 256574, at *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and/or the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under § 1983.

### J.   State Law Claims

Plaintiff also alleges violations of California law. The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action."

11

*Bodde*, 32 Cal.4th at 1239.

In the prior screening order, Plaintiff was informed he must allege compliance with the Government Claims Act. Plaintiff has not alleged compliance with the Government Claims Act, and therefore, he has failed to state a claim under California law.  Plaintiff has been unable to cure this deficiency.

**IV.    Conclusion and Order**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Guard R. Lucken, Guard C. Sepeda, and Sergeant Guard A. Blanco for tight handcuffing, slamming Plaintiff into the wall, twisting his hands and raising them up while in the cuffs, for the incident on October 26, 2018. However, Plaintiff's complaint fails to state any other cognizable claims for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1.      This action proceed on Plaintiff's first amended complaint, filed on January 3, 2022 (ECF No. 16), for excessive force in violation of the Eighth Amendment against Defendants Guard R. Lucken, Guard C. Sepeda, and Sergeant Guard A. Blanco for tight handcuffing, slamming Plaintiff into the wall, twisting his hands and raising them up while in the cuffs, for the incident on October 26, 2018;

2.      Plaintiff's requested remedy of declaratory relief be dismissed from this case; and

3.      All other claims and defendants be dismissed from this action, with prejudice, based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 6, 2022**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE