# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LUCKEN, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-00702-JLT-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S SECOND UNOPPOSED MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 48)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER<br>(ECF No. 47)<br><br>ORDER DIRECTING DEFENDANTS TO FILE FIRST AMENDED ANSWER WITHIN **SEVEN (7) DAYS**<br><br>Discovery Deadline: **April 16, 2024**<br>Dispositive Motion Deadline: **June 27, 2024** |

**I.     Introduction**

Plaintiff King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Lucken, Sepeda, and Blanco for excessive force in violation of the Eighth Amendment.

///

1

1  Pursuant to the Court's January 19, 2023 discovery and scheduling order and June 22, 2023 order granting Plaintiff's unopposed motion to modify discovery and scheduling order, the deadline for all stipulated amendments or motions to amend is August 17, 2023, the deadline for completion of all discovery is January 17, 2024, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is March 29, 2024.  (ECF Nos. 41, 46.)

Currently before the Court is Defendants' motion for leave to amend answer, filed August 29, 2023.  (ECF No. 47.)  Plaintiff did not file an opposition or other response, and the deadline to do so has expired.

On October 5, 2023, Plaintiff also filed a notice of change of address and a motion to suspend the case or grant a ninety-day extension.  (ECF No. 48.)  Defendants filed a statement of non-opposition on October 6, 2023.  (ECF No. 49.)

The Court finds further briefing on these motions unnecessary, and the motions are deemed submitted.  Local Rule 230(l).

**II.  Plaintiff's Motion to Suspend Case or for Ninety-Day Extension**

In his motion, Plaintiff requests that the case be suspended, placed on hold, or extended by ninety days, because he is being transported to a jail in Los Angeles County to be present during appeal proceedings on his criminal 3 strike case.  (ECF No. 48.)  Plaintiff will be in one of the jails in Los Angeles County for the remainder of the proceedings, and will be limited to one small bag or possibly a very small box of legal files related to his criminal case.  Therefore, he will be unlikely to have his files for his civil cases, and will be unable to litigate without his files. Plaintiff requests that the case be suspended until he is stable or returns to prison.  If he is able to take some files for his civil cases, he will notify the Court.  (*Id.*)

Defendants state that they do not oppose Plaintiff's motion to suspend the case or grant a ninety-day extension.  (ECF No. 49.)

The Court construes the motion as a request for a stay or a modification of the discovery and scheduling order.  Having considered the request, and in light of Defendants' non-opposition, the Court finds good cause to grant the requested modification of the discovery and scheduling

2

order. Fed. R. Civ. P. 16(b)(4).  However, the Court finds that a stay or suspension of this action is not necessary in light of the extension of time granted here.  As the deadline to file amended pleadings has expired and Defendants have indicated their intent not to file a summary judgment motion on the issue of exhaustion, (*see* ECF No. 43), the Court will reset only the deadlines for the completion of all discovery and the filing of dispositive motions (other than a motion for summary judgment on the issue of exhaustion).

**III.    Defendants' Motion for Leave to Amend Answer**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within 21 days after serving it.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

Defendants seek leave to amend their answer to include the affirmative defenses of laches, res judicata/collateral estoppel, accord and satisfaction, waiver, and unclean hands.  (ECF No. 47.)  Counsel for Defendants declares that investigation subsequent to the filing of the operative answer revealed that Plaintiff settled the matter of *Mwasi v. Montoya*, Case No. 2:15-cv-4152 (C.D. Cal. 2015) in March 2023, four months after Defendants' answer was filed. (*Id.* at 5.) Defense counsel states that it appears Plaintiff is making the same injury claims in the instant case, that were already claimed and settled in a prior case.  Defendants made the request to amend their answer promptly after learning of the settlement and conducting an investigation into Plaintiff's claims.  Moreover, Plaintiff has ample time to perform discovery on newly added affirmative defenses. (*Id.*)

Pursuant to the Court's June 22, 2023 order granting Plaintiff's unopposed motion to modify the discovery and scheduling order, all stipulated amendments or motions to amend pleadings were to be filed by August 17, 2023.  (ECF No. 46.)  As Defendants' motion to amend

3

the answer was not filed until August 29, 2023, it is untimely. Although Defendants state that the motion was filed "promptly" after learning of the settlement and conducting an investigation, it is not clear whether the necessary information was obtained prior to the August 17, 2023 deadline for amended pleadings.

Nevertheless, Plaintiff's failure to file an opposition or otherwise respond to Defendants' motion to amend the answer and proposed amended answer is deemed a waiver of any opposition to the granting of the motion and the Court therefore considers the motion unopposed. Local Rule 230(l).

Further, in considering the relevant factors, the Court finds no evidence of bad faith, undue delay in litigation, or futility. Defense counsel declares under penalty of perjury that the motion to amend was filed promptly after learning of the settlement and conducting an investigation, and that Defendants do not make the request based on any undue delay, bad faith, or dilatory motive. Finally, as the motion is unopposed and discovery does not close until the newly extended deadline of April 16, 2024, the Court finds no evidence of prejudice to Plaintiff.

## IV. Order

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for leave to amend answer, (ECF No. 47), is GRANTED;
2. Plaintiff's second unopposed motion to modify the discovery and scheduling order, (ECF No. 48), is GRANTED, as follows:
    a. The deadline for completion of all discovery, including filing all motions to compel discovery, is extended from January 17, 2024 to **April 16, 2024**; and
    b. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended from March 29, 2024 to **June 27, 2024**;
3. All other requirements set forth in the Court's January 19, 2023 discovery and scheduling order, (ECF No. 41), remain in place;
4. Within **seven (7) days** from the date of service of this order, Defendants SHALL FILE the proposed amended answer, (ECF No. 47, pp. 8–14), as a First Amended Answer; and

5. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.**

IT IS SO ORDERED.

Dated:  **October 10, 2023**          /s/ Barbara A. McAuliffe         _
                                      UNITED STATES MAGISTRATE JUDGE