# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUCKEN, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:21-cv-00702-JLT-BAM (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>Hearing:　**Settlement Conference**<br>Date:　　**August 13, 2024**<br>Time:　　**10:00 a.m.**<br>Judge:　　**Christopher D. Baker**<br>Location:　**via Zoom Videoconference** |

　　　　Plaintiff King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Lucken, Sepeda, and Blanco ("Defendants") for excessive force in violation of the Eighth Amendment.

　　　　This case was previously set for an in-person settlement conference on June 3, 2024.  (ECF No. 55.)  On May 13, 2024, Plaintiff filed a motion to quash/rescind the order of transportation and a request that the settlement conference be conducted via video conference.  (ECF No. 59.)  The Court granted the request.  (ECF No. 60.)  Therefore, this case will be referred to Magistrate Judge Christopher D. Baker to conduct a **video settlement conference, via the Zoom videoconferencing application, on August 13, 2024 at 10:00 a.m.**  The Court will issue any necessary transportation order in due course.

1

Accordingly, it is HEREBY ORDERED that:

1. A settlement conference is scheduled to occur on **August 13, 2024 at 10:00 a.m.**, before Magistrate Judge Christopher D. Baker. The conference shall be conducted via Zoom videoconference. **Defense counsel shall arrange for Plaintiff's participation by contacting the Litigation Coordinator at the institution where Plaintiff is housed to determine whether the institution can accommodate a Zoom video appearance by Plaintiff at this date and time.** The Zoom settlement conference invitation will be distributed the week prior, or counsel may contact Susan Hall, Courtroom Deputy for Magistrate Baker, at SHall@caed.uscourts.gov. Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Susan Hall. The Court will issue a writ of habeas corpus ad testificandum to allow for Plaintiff's participation, as appropriate.

2. Each party or a representative with full authority to negotiate and enter into a binding settlement agreement shall participate in the conference. The failure of any counsel, party, or authorized person subject to this order to participate in the conference may result in the imposition of sanctions.

3. Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Participants in the conference must be prepared to discuss the claims, defenses, and damages.

4. The parties shall engage in informal settlement negotiations as follows:
   a. No later than **July 2, 2024**, Plaintiff shall submit to Defendants, by mail, a written itemization of damages and a meaningful settlement demand, including a brief explanation of why such settlement is appropriate, which shall not exceed 5 pages.
   b. No later than **July 16, 2024**, Defendants shall respond, by mail or telephone, with an acceptance of Plaintiff's offer or a meaningful counteroffer, including a brief explanation of why such settlement is appropriate. If settlement is achieved, the parties shall file a Notice of Settlement as required by Local Rule 160.

///

5. If settlement is not achieved informally, the parties shall submit confidential settlement conference statements no later than August 2, 2024. Defendants shall email their statement to CDBorders@caed.uscourts.gov. Plaintiff shall mail his statement, clearly captioned "Confidential Settlement Conference Statement," to United States District Court, Attn: Magistrate Judge Christopher D. Baker, 2500 Tulare Street, Room 1501, Fresno, CA 93721.

    a. Once the parties have submitted their statements, they shall file a "Notice of Submission of Confidential Settlement Conference Statement" with the court. The confidential settlement conference statements themselves should not be filed with the court nor served on the opposing party.

6. The confidential settlement conference statements should be no longer than 5 pages in length and include:

    a. A brief summary of the facts of the case;

    b. A brief summary of the claims and defenses of the case, i.e., the statutory, constitutional, or other grounds upon which the claims are founded;

    c. A forthright discussion of the strengths and weaknesses of the case and an evaluation of the likelihood of prevailing on the claims or defenses, from the party's perspective, and a description of the major issues in dispute;

    d. An estimate of the party's expected costs and time to be expended for further discovery, pretrial matters, and trial;

    e. A summary of past settlement discussions, including the informal settlement negotiations required above; a statement of the party's current position on settlement, **including the amount the party would offer and accept to settle** (in specific dollar amounts); and a statement of the party's expectations for settlement discussions;

    f. An estimate of any restitution allocated to Plaintiff, or other financial obligation assigned to Plaintiff, that would affect the parties' settlement discussions;

    g. A list of the individuals who will be attending the conference on the party's behalf, including names and, if appropriate, titles; and,

      h. If a party intends to discuss the settlement of any other actions or claims not raised in this suit, a brief description of each action or claim, including case number(s), as applicable.

7. The Clerk of the Court is directed to additionally serve a courtesy copy of this Order via email on the Litigation Coordinator at Plaintiff's current facility.

IT IS SO ORDERED.

Dated: **May 22, 2024**        /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE