1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI, | Case No.  1:21-cv-00702-JLT-BAM (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER ON MOTIONS (ECF No. 72) |
| v. | |
| LUCKEN, *et al.*, | ORDER DENYING PLAINTIFF'S MOTIONS TO REOPEN DISCOVERY AND GRANTING PLAINTIFF'S MOTIONS TO SET CASE FOR TRIAL (ECF Nos. 71, 73) |
| Defendants. | |
| | ORDER SETTING TELEPHONIC STATUS CONFERENCE |
| | **Date: May 13, 2025** **Time: 9:30 a.m.** |

Plaintiff King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Lucken, Sepeda, and Blanco ("Defendants") for excessive force in violation of the Eighth Amendment.

## I.    Procedural Background

Following Defendants' notice of their intent not to file a merits motion for summary judgment, the Court directed Plaintiff to file a response indicating whether he intended to file a dispositive motion in this action or whether he also requests that this matter be set for trial.  (ECF

1

1  Nos. 69, 70.)

2  On December 2, 2024, Plaintiff filed a motion to extend discovery and a motion to set

3  case for trial.  (ECF No. 71.)  On March 10, 2025, Plaintiff filed a motion for the Court to issue

4  an order on his previous motion, and re-filed his motion to extend discovery and a motion to set

5  case for trial.  (ECF Nos. 72, 73.)  Defendants filed an opposition to Plaintiff's motions to extend

6  discovery on March 24, 2025.  (ECF No. 74.)  Although the deadline for Plaintiff to file a reply

7  brief has not yet expired, the Court finds a reply unnecessary, and the motions are deemed

8  submitted.  Local Rule 230(l).

9  By the instant order, Plaintiff's motion for an order ruling on his motion to extend

10  discovery and motion to set trial is granted.  Plaintiff's motion to extend discovery and motion to

11  set trial are discussed below.

12  **II.      Plaintiff's Motion to Reopen Discovery**

13  Discovery originally opened in this case on January 19, 2023.  (ECF No. 41.)  Pursuant to

14  the Court's April 25, 2024 order granting Defendants' request for clarification and lifting the stay

15  of discovery, the deadline for completion of all discovery, including filing all motions to compel

16  discovery, was June 17, 2024.  (ECF No. 57.)  The discovery deadline in this action was extended

17  three times, twice at Plaintiff's request and once at Defendants' request.  (ECF Nos. 46, 50, 54.)

18  All three extensions of the discovery deadline were unopposed.

19  In his current motion, Plaintiff requests that the Court extend the discovery period for

20  several reasons.  (ECF No. 71.)  Plaintiff states that there has been a lot of confusion with

21  communication with the assigned defense counsel regarding discovery, as there have been many

22  changes in counsel.  Plaintiff alleges that he sent several interrogatories without replies, as well as

23  inquiries regarding his interrogatories, to both prior and new defense counsel, but never received

24  responses.  Then, Plaintiff's deposition became the priority without resolving the interrogatory

25  discrepancy, and the deposition was delayed many times, for nearly a year.  At his eventual

26  deposition, Plaintiff expressed the need to receive response to his interrogatories and finish

27  discovery.  The new DAG said OK, but never sent responses.  Two months prior to Plaintiff's

28  motion to extend discovery, Plaintiff received notice that original defense counsel was back on

2

1   the case, and a month later wrote to defense counsel to arrange a call to discuss the discovery

2   problem and potential settlement.  Plaintiff has not received a reply yet.  Plaintiff then received

3   the Court's order regarding whether he wishes to set a trial date.  Plaintiff states that he wishes to

4   complete discovery and also to schedule a trial as soon as practical.  Plaintiff would also like the

5   trial venue to be near his prison location, as for various reasons it is the best situation.  If the

6   venue is too far to commute and return to the same institution, transfer would be necessary and

7   would involve a variety of hardships for Plaintiff.  Plaintiff requests an extension of discovery of

8   90–120 days.

9        In opposition, Defendants contend that Plaintiff has not shown good cause to reopen

10  discovery.  (ECF No. 74.)  Plaintiff served three sets of interrogatories on Defendants on June 20,

11  2023, to which Defendants timely responded on August 24, 2023.  (ECF No. 74-1 ("Kallberg

12  Decl."), Exs. A, C.)  Plaintiff did not meet and confer with Defendants regarding any deficiencies

13  with these responses, file a motion to compel further responses, or serve any other written

14  discovery requests on Defendants.  Plaintiff has not identified what discovery he requires that he

15  was not able to obtain prior to the discovery deadline, why he waited months after the discovery

16  deadline to request a continuance, or why he has been unable to engage in timely discovery.

17  Plaintiff has not been diligent in pursuing discovery in this matter.

18       **A.    Legal Standard**

19       When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the

20  Court must consider the following factors:

21       1) whether trial is imminent, 2) whether the request is opposed, 3) whether the
22       non-moving party would be prejudiced, 4) whether the moving party was diligent
         in obtaining discovery within the guidelines established by the court, 5) the
23       foreseeability of the need for additional discovery in light of the time allowed for
         discovery by the district court, and 6) the likelihood that the discovery will lead to
24       relevant evidence.

25  *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

26       **B.    Analysis**

27       Under these factors, Plaintiff's motion must be denied.  Although trial has not yet been

28  scheduled, both parties have requested that the Court set a trial date as soon as practicable.  Aside

1    from Plaintiff's request to conduct further discovery, the parties appear in agreement that no

2    dispositive motions will be filed and the case is therefore ready to proceed to trial. Defendants

3    have opposed Plaintiff's request to reopen discovery.

4          The remaining factors all also weigh against reopening discovery. Although Plaintiff was

5    diligent in serving interrogatories on Defendants in June 2023, Plaintiff has not shown that he was

6    diligent in pursuing discovery during the following year that discovery was open. Plaintiff

7    alleges that he sent several interrogatories and other inquiries with no responses, but Plaintiff has

8    not provided any copies of those requests, dates of service, or other information that would

9    support his allegations. It is also unclear whether Plaintiff is referencing the same June 2023

10   interrogatories to which Defendants served responses in August 2023. If Plaintiff is alleging that

11   he never received Defendants' August 2023 responses to his interrogatories, he provides no

12   explanation for his failure to inform the Court, through a motion to compel or otherwise, that he

13   did not receive those responses. Assuming Plaintiff never received those responses, Plaintiff

14   should have foreseen the need to file a motion to compel since July or August 2023, and had

15   nearly a year to file his motion. Plaintiff did not do so. Plaintiff also fails to provide an

16   explanation for his failure to request a further extension of the June 17, 2024 discovery deadline

17   until December 2, 2024, nearly six months after that deadline expired. Therefore, the Court finds

18   that Plaintiff has not been diligent in obtaining discovery since serving his June 2023

19   interrogatories.

20         Finally, the Court finds that Defendants will be prejudiced if discovery is reopened, both

21   due to the likely delay of trial and the unlikelihood that the requested discovery will lead to

22   relevant evidence. As noted above, Defendants already served responses to Plaintiff's June 2023

23   interrogatories, and Plaintiff has not identified what additional discovery he seeks. Reopening

24   discovery at this late date, for the purpose of allowing Plaintiff to seek discovery responses that

25   were already served or to seek discovery of an unspecified nature would cause an unnecessary

26   delay.

27   ///

28   ///

1    **III.    Plaintiff's Motion to Set Case for Trial**

2        Plaintiff's motion to set this case for a trial date is granted. As noted above, the parties

3    have both indicated that they wish to set a trial date as soon as practicable, and no dispositive

4    motions were filed.

5        To the extent Plaintiff requests a trial venue near to his prison location, the Court

6    construes this as a request for a transfer of venue, and the request is denied. "For the convenience

7    of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

8    any other district or division where it might have been brought or to any district or division to

9    which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in—(1) a

10   judicial district in which any defendant resides, if all defendants are residents of the State in

11   which the district is located; [or] (2) a judicial district in which a substantial part of the events or

12   omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). The party seeking the

13   transfer must meet an initial threshold burden by demonstrating that the action could have been

14   brought in the proposed transferee district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); *Hatch v.*

15   *Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Park v. Dole Fresh Vegetables, Inc.*, 964

16   F.Supp.2d 1088, 1093 (N.D. Cal. 2013).

17       Plaintiff has provided no argument that would support the transfer of this action to any

18   other district, aside from unspecified hardships that he would suffer if he was transferred from his

19   current institution. This is not sufficient to justify a transfer of this action to another district.

20   Plaintiff is currently housed at the San Quentin Rehabilitation Center, which is located in the

21   Northern District of California. The events in the complaint occurred while Plaintiff was housed

22   at North Kern State Prison, which is located in the Eastern District of California. Plaintiff has

23   provided no argument that the case could have been brought in the Northern District of

24   California, and Defendants have not consented to transfer of the action to any other district. The

25   request is therefore denied.

26   **IV.    Telephonic Status Conference**

27       Based on the above, the Court finds that this case is now ready to be set for a jury trial on

28   Plaintiff's claims against Defendants Lucken, Sepeda, and Blanco for excessive force in violation

of the Eighth Amendment.

The Court will set a telephonic status conference for May 13, 2025, at 9:30 a.m. to discuss setting the relevant deadlines and trial date before District Judge Jennifer L. Thurston.  The parties should also be prepared to discuss whether another settlement conference may be fruitful.

**V.      Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1.   Plaintiff's motion for order on pending motions, (ECF No. 72), is GRANTED, as discussed above;

2.   Plaintiff's motion to extend discovery period, (ECF Nos. 71, 73), is DENIED;

3.   Plaintiff's motion to set case for trial, (ECF Nos. 71, 73), is GRANTED;

4.   A telephonic status conference is set for **May 13, 2025, at 9:30 a.m.** before the undersigned in Courtroom 8 (BAM);

5.   The parties shall appear **telephonically (via Zoom)**;

6.   Defense counsel shall contact Courtroom Deputy, Esther Valdez, at (559) 499-5788 or evaldez@caed.uscourts.gov for the Zoom dial-in information for all parties;

7.   **Defense counsel is required to arrange for Plaintiff's participation by contacting the Litigation Coordinator at the institution where Plaintiff is housed to provide the necessary dial-in information and confirm whether the institution is able to produce Plaintiff for a telephonic appearance at the scheduled date and time**;

8.   If the institution is unable to produce Plaintiff for a telephonic appearance at the scheduled date and time, defense counsel shall so inform the Court by no later than **April 11, 2025**; and

9.   The Court will issue any necessary transportation writ in due course.

IT IS SO ORDERED.

Dated:   **March 27, 2025**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE