1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11    KING MWASI,

12                          Plaintiff,

13            v.

14    LUCKEN, *et al.*,

15                          Defendants.

16

Case No.  1:21-cv-00702-JLT-BAM (PC)

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' *EX
PARTE* APPLICATION TO VACATE ALL
TRIAL-RELATED DATES

(ECF No. 84)

17            Plaintiff King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18    *pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's

19    first amended complaint against Defendants Lucken, Sepeda, and Blanco ("Defendants") for

20    excessive force in violation of the Eighth Amendment.  This matter is set for a pretrial conference

21    on October 14, 2025, and a jury trial on December 16, 2025.

22            On May 13, 2025, the Court issued a second scheduling order directing Plaintiff to file his

23    pretrial statement on or before September 2, 2025.  (ECF No. 80.)  Plaintiff was advised that the

24    failure to file a pretrial statement or to comply with the procedures set forth as required by that

25    order may result in the imposition of appropriate sanctions, which may include preclusion of any

26    and all witnesses, dismissal of the action, or entry of default.  (*Id.* at 7.)  Plaintiff failed to file a

27    pretrial statement in compliance with the Court's order or otherwise communicate with the Court.

28            On September 8, 2025, the Court ordered Plaintiff to show cause by written response why

1

1   this action should not be dismissed, with prejudice, for failure to obey the Court's order and for

2   failure to prosecute.  (ECF No. 83.)  Plaintiff's response is due within fourteen days of service of

3   that order.  Plaintiff was advised that if he fails to file a response, or the response does not

4   demonstrate good cause, this matter will be dismissed.  (*Id.*)

5          Currently before the Court is Defendants' *ex parte* application requesting that all trial-

6   related dates be vacated until after the Court's order to show cause has been heard.  (ECF No. 84.)

7   Plaintiff has not had the opportunity to respond to the motion, but the Court finds a response

8   unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

9           Defendants assert that there is good cause to modify the scheduling order because

10  Plaintiff's failure to file a pretrial statement has hampered Defendants' ability to file their pretrial

11  statement and prepare for trial in this matter.  (ECF No. 84.)  In support of their request,

12  Defendants declare they cannot prepare adequately for trial in December 2025 without receiving

13  Plaintiff's pretrial statement or any other indication of what Plaintiff plans to present at trial.

14  Defendants specify that the pretrial statement informs them regarding Plaintiff's witnesses,

15  disputed factual and evidentiary issues, and legal theories that will be presented at trial.

16  Defendants further declare that they are unable to file a pretrial statement addressing the issues

17  for trial without first knowing how Plaintiff plans to proceed and present his case.  (ECF No. 84-

18  1, Declaration of Jacqueline Kallberg ("Kallberg Decl.") ¶ 7.)  Defendants assert that given the

19  pending order to show cause, which could result in dismissal of the matter, it would be prejudicial

20  to Defendants to continue expending resources preparing for a trial that may not occur.

21  Defendants therefore contend that vacating all trial-related dates and resetting them after the show

22  cause order is heard and Plaintiff has filed his pretrial statement will allow the parties to prepare

23  for trial efficiently and will conserve both the parties' and the Court's resources.  (ECF No. 84 at

24  2; *see also* Kallberg Decl. ¶¶ 8-9.)

25          Having considered Defendants' request, the Court finds good cause to vacate the current

26  deadline for Defendants to file their pretrial statement.  Fed. R. Civ. P. 16(b).  Given Plaintiff's

27  failure to file a pretrial statement, along with the pending order to show cause, requiring

28  Defendants to file a pretrial statement at this time would be prejudicial.  Further, vacating the

associated filing deadline for Defendants' pretrial statement will conserve Court and party resources. If necessary and appropriate, the Court will reset that deadline. However, the Court does not currently find good cause to vacate the October 14, 2025 pretrial conference or the December 16, 2025 trial in this action. There is no basis to vacate those deadlines pending resolution of the show cause order. Thus, Defendants' request to vacate the pretrial conference and trial will be denied without prejudice, subject to renewal following resolution of the pending order to show cause.

Accordingly, the Court HEREBY ORDERS as follows:

1. Defendants' *ex parte* application to vacate all trial-related dates, (ECF No. 84), is GRANTED IN PART and DENIED IN PART.

2. The September 16, 2025 deadline for Defendants to serve and file a pretrial statement is VACATED.

3. Defendants' request to vacate the October 14, 2025 pretrial conference and December 16, 2025 trial is DENIED without prejudice, subject to renewal following resolution of the pending order to show cause.

IT IS SO ORDERED.

Dated:   **September 16, 2025**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE