1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11  KING MWASI,                          )  Case No.: 1:21-cv-0702 JLT BAM
                                         )
12            Plaintiff,                 )  ORDER DISMISSING THE ACTION WITH
                                         )  PREJUDICE FOR PLAINTIFF'S FAILURE TO
13       v.                              )  COMPLY WITH THE COURT'S ORDERS AND
                                         )  FAILURE TO PROSECUTE, AND DIRECTING
14  LUCKEN, et al.,                      )  THE CLERK OF COURT TO CLOSE THE CASE
                                         )
15            Defendants.                )
                                         )
16  _____       )

17       King Mwasi asserts the defendants violated his civil rights by using excessive force in

18  violation of the Eighth Amendment in an incident at North Kern State Prison.  (*See* Docs. 16, 23.)

19  Because Plaintiff failed to obey the Court's orders and failed to prosecute the action, the action is

20  **DISMISSED** with prejudice.

21  **I.       Background**

22       Plaintiff initiated this action by filing a complaint on April 29, 2021.  (Doc. 1.)  The same date,

23  the Court issued new case documents, including its "First Informational Order" that identified

24  Plaintiff's obligations as a pro se litigant.  (Doc. 3.)  For example, the Court informed Plaintiff that

25  "deadlines are strictly enforced" and would not be extended absent a showing of good cause.  (*Id.* at 5.)

26       After Plaintiff filed an amended complaint, the Court dismissed certain claims and defendants,

27  and directed the action proceed on the cognizable claim for excessive force against defendants Lucken,

28  Sepeda, and Blanco.  (Docs. 16, 23.)  The Court directed service upon Defendants, who filed their

1

1    answer on October 21, 2022.  (Docs. 24, 32.)  The Court identified the action as appropriate for post-
2    screening ADR and stayed the matter pending a settlement conference with the Court.  (Doc. 33.)  The
3    case did not resolve during the settlement conference on January 18, 2023.  (Doc. 38.)  Therefore, the
4    Court lifted the stay and entered a scheduling order.  (Docs. 40, 41.)

5          The Court set a second settlement conference with the parties, after the parties had engaged in
6    discovery.  (*See* Docs. 54, 55.)  In anticipation of the conference, the Court stayed the action.  (Doc.
7    55.)  However, the Court lifted the stay for discovery to proceed, because Defendants had noticed
8    Plaintiff's deposition to occur prior to the conference.  (Doc. 57.)  On August 13, 2024, the Court held
9    the second settlement conference with the parties, which was not fruitful.  (Doc. 64.)

10         The Court inquired whether the parties intended to file dispositive motions, or if they wished to
11   proceed to trial. (Doc. 70.)  Neither party expressed an intent to file dispositive motions, and the Court
12   determined the matter was ready to proceed to trial.  On May 13, 2025, the Court held a status
13   conference with the parties and issued its "Second Scheduling Order."  (Doc. 80.)  The Court set
14   deadlines for expert discovery; set a pre-trial conference for October 14, 2025; and set the matter for
15   trial beginning December 9, 2025.  (*See id.*)  The Court ordered Plaintiff to "file and serve a pretrial
16   statement as described in [the] order on or before September 9, 2025."  (*Id.* at 6, emphasis omitted.)
17   The Court warned Plaintiff that "**failure to file pretrial statements or to comply with the**
18   **procedures set forth by this order may result in the imposition of appropriate sanctions, which**
19   **may include preclusion of any and all witnesses, dismissal of the action, or entry of default**."  (*Id.*
20   at 7, emphasis in original.)

21         Plaintiff did not file the pre-trial statement as ordered or request an extension of time for the
22   filing.  On September 8, 2025, the magistrate judge issued an order to Plaintiff to show cause within 14
23   days "why this action should not be dismissed, with prejudice, for failure obey the Court's order and
24   for failure to prosecute."  (Doc. 83 at 2.)  The Court warned: "**If Plaintiff fails to file a response, or**
25   **the response does not demonstrate good cause, this matter will be dismissed**."  (*Id.*)  Plaintiff did
26   not respond to the order, or otherwise communicate with the Court, and the deadline to do so expired.
27   Consequently, Plaintiff continues to fail to comply with the Court's order and to prosecute this action.
28   ///

2

**II.      Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order.  *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute).

**III.     Discussion and Analysis**

To determine whether to dismiss an action for and failure to obey a Court order and failure to prosecute, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

**A.      Public interest and the Court's docket**

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  This Court cannot, and will not hold, this case in abeyance based upon the failure to comply with the Court's order and failure to continue prosecution in a timely manner.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").  Thus, these factors weigh in favor of dismissal of the action.

3

### B.    Prejudice to Defendants

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)).  Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Moreover, Plaintiff's failure to file a pre-trial statement—which would notify Defendants of any witnesses and exhibits Plaintiff intended to present at trial—plainly prejudices Defendants by impeding their ability to prepare for the trial.  *See Williams v. Pedriero*, 2014 WL 5320231, at *2 (E.D. Cal. Oct. 17, 2014) ("Plaintiff's refusal to comply with the order to file a pretrial statement interferes with Defendants' ability to engage in meaningful trial preparation with the full benefit of the information to which they are entitled under the Court's scheduling order.").  Therefore, this factor weighs in favor of dismissal.

### C.    Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement.  *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262.  The Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

As noted above, in the "Second Scheduling Order," the Court informed Plaintiff that sanctions, including dismissal, could be imposed for his failure to file a pretrial statement.  (Doc. 80 at 7.)  Again, in the order to show cause, the Court warned: "**If Plaintiff fails to file a response, or the response does not demonstrate good cause, this matter will be dismissed**."  (Doc. 83 at 2, emphasis in original.)  Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements considering alternative sanctions.  *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction).  Accordingly, the warnings satisfied the requirement that the

Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action.  *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D.    Public policy

Given Plaintiff's failure obey the Court's orders and failure to prosecute the action, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV.    Conclusion and Order

Plaintiff failed to obey the Court's orders dated May 13, 2025, and September 8, 2025.  In addition, Plaintiff failed to prosecute this action. The factors identified by the Ninth Circuit support the imposition of terminating sanctions in this action.  Thus, the Court **ORDERS**:

1.    This action is **DISMISSED** with prejudice.

2.    The Clerk of Court is **DIRECTED** to terminate all pending deadlines and close the action.

IT IS SO ORDERED.

Dated:   **September 29, 2025**

UNITED STATES DISTRICT JUDGE