**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KING MWASI, | Case No. 1:21-cv-00702 JLT BAM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 80) |
| LUCKEN, *et al.*, | |
| Defendants. | |

King Mwasi asserted defendants Lucken, Sepeda, and Blanco violated his civil rights by using excessive force in violation of the Eighth Amendment in an incident at North Kern State Prison. Because Plaintiff failed to obey the Court's orders and failed to prosecute the action, the Court dismissed the action with prejudice. (Doc. 86.) Plaintiff now seeks reconsideration of the Court's dismissal. (Doc. 80, 94.)

**I.    Background**

Plaintiff initiated this action on April 29, 2021. (Doc. 1.) After Plaintiff filed an amended complaint, the Court dismissed certain claims and defendants, and directed the action proceed on the cognizable claim for excessive force against defendant Lucken, Sepeda, and Blanco. (Doc. 16, 23.) Defendants answered the complaint on October 21, 2022. (Doc. 32.) The Court identified the action as appropriate for post-screening alternative dispute resolution and stayed the matter pending a settlement conference with the Court. (Doc. 33.) The case did not resolve during the

1

settlement conference, and the Court lifted the stay and entered a discovery and scheduling order. (Doc. 40.) Following expiration of the discovery deadlines, the Court held a second settlement conference with the parties, which was not successful. (Doc. 65.)

The Court inquired whether the parties intended to file dispositive motions, or if they wished to proceed to trial. (Doc. 70.) Neither party expressed an intent to file dispositive motions, and the Court determined the matter was ready to proceed to trial. (Doc. 75.) On May 13, 2025, the Court held a status conference with the parties and issued its "Second Scheduling Order." (Doc. 80.) The Court set the deadlines for expert discovery; set a pre-trial conference for October 14, 2025; and set the matter for trial beginning December 9, 2025. (*See id.*) The Court ordered Plaintiff to "file and serve a pretrial statement as described in [the] order on or before September 2, 2025." (*Id.* at 6, emphasis omitted.) The Court warned Plaintiff that "failure to file pretrial statements or to comply with the procedures set forth by this order may result in the imposition of appropriate sanctions, which may include preclusion of any and all witnesses, dismissal of the action, or entry of default. (*Id.* at 7, emphasis omitted.)

Plaintiff did not file the pretrial statement as ordered by the Court or request an extension of time for filing. On September 8, 2025, the magistrate judge ordered Plaintiff to show cause within fourteen days "why this action should not be dismissed, with prejudice, for failure to obey the Court's order and for failure to prosecute." (Doc. 83 at 2.) The Court warned: If Plaintiff fails to file a response, or the response does not demonstrate good cause, this matter will be dismissed." (*Id.*) Plaintiff did not timely respond to the order or otherwise communicate with the Court. Accordingly, on September 30, 2025, the Court dismissed the action, with prejudice. (Doc. 86.) Judgment was entered on the same date. (Doc. 87.)

On September 30, 2025, Plaintiff filed a motion for extension of time to file an answer as to why the action should not be dismissed. (Doc. 88.) Because Plaintiff's motion was received after entry of judgment, the magistrate judge construed Plaintiff's request as a motion for reconsideration of the Court's final order and judgment. *See* Fed. R. Civ. P. 59(e), 60(b); Local Rule 230(j). The magistrate judge concluded that the information in Plaintiff's motion was not sufficient to determine whether reconsideration or relief from judgment should be granted.

Therefore, the magistrate judge ordered Plaintiff to file a supplemental brief in support of his motion for reconsideration within twenty-one days, with a response from defendants due fourteen days thereafter. (Doc. 90.)

On October 14, 2025, Plaintiff filed his response to the Court's September 8, 2025 order to show cause. (Doc. 91.) Defendants replied on October 15, 2025. (Doc. 92.)

On November 12, 2025, Plaintiff filed a motion for an extension of time to file his supplemental brief and his supplemental brief. (Docs. 93, 94.) The Court granted the motion, accepted Plaintiff's supplemental brief as timely filed, and ordered defendants to file any response on or before November 26, 2025. (Doc. 95.)

On November 17, 2025, although not ordered by the Court, Plaintiff filed a motion seeking an order directing California Men's Colony to provide Plaintiff with at least four boxes of his legal property and to set an evidentiary hearing. (Doc. 96.) Following an extension of time, defendants filed an omnibus response to Plaintiff's motion for reconsideration, supplemental brief, and request for order on December 17, 2025. (Doc. 99.) On January 26, 2026, Plaintiff filed a motion requesting clarification. (Doc. 100.)

## II.    Motion for Reconsideration

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

3

district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's motion and supplemental brief do not provide any basis for overturning the Court's judgment under Rule 59(e) or 60. Plaintiff contends that this action should not be dismissed for multiple reasons. (Doc. 91.) First, Plaintiff claims that his medical conditions have hindered him, including ongoing complications from COVID and other "assorted conditions," such "G.I Disease" and a large boil/cyst in his armpit that developed prior to September 2025. (Doc. 91 at 1-2; *see also* Doc. 88 at 1-2; Doc. 94 at 4-6.) Yet, as defendants note, Plaintiff waited until long after the deadline to submit pre-trial documents (and after dismissal) to raise these issues with the Court, despite their chronic or ongoing nature. Plaintiff also provides no explanation as to why or how these conditions, including the more recent inception of boils/cysts, prevented him from filing pre-trial documents in September 2025 or otherwise communicating with the Court.

Second, Plaintiff claims that he has been unable to access all his legal materials. (Doc. 91 at 2-4; Doc. 94 at 1-2; Doc. 96 at 1-4.) To that end, Plaintiff asserts, among other things, that defense counsel failed in efforts to contact the prison and remedy the situation, the prison limited his allowed footage of property, including legal files, and the institution's R&R staff denied him access to his legal files. (*See id.*) Plaintiff also claims that he filed grievances, which were denied. (*See* Doc. 94 at 2.) Plaintiff's claims regarding his legal property are not persuasive. Defendants report that CDCR rules allow Plaintiff to keep one cubic foot of legal materials in his cell in addition to personal property. (Doc. 99 at 4.) Defense counsel clarified these rules for Plaintiff in a letter on May 20, 2025, and provided him with the steps to obtain his legal materials. (Doc. 99-

4

1, Kallberg Decl. ¶ 5 and Ex. A.) After that letter, Plaintiff never communicated any issues with obtaining his legal materials to defense counsel. (Kallberg Decl. ¶ 6.) Further, prison records show that Plaintiff has not submitted any grievances related to his legal property while at CMC. (*Id.* ¶ 9; Doc. 99-2, Pennisi Decl. ¶ 8 and Ex. D.)

Third, Plaintiff claims he has been hindered by his hearing and speech impairments. (Doc. 91 at 5-6; Doc. 94 at 4.) It is not evident how Plaintiff's hearing and speech issues hampered his ability to file written pre-trial documents, seek extensions of time, or engage in trial preparation.

Finally, Plaintiff claims that on an unspecified date in July 2025 he filed a motion to reset all pre-trial dates and postpone trial due to his lack of legal files and medical issues. (Doc. 91 at 7; Doc. 94 at 3.) He asserts that CMC does not log his legal mail, there has been a lot of missing outgoing mail, and he had no access to copies. (Doc. 91, at 7; Doc. 94 at 3-4; Doc. 96 at 4.) However, documentary evidence submitted by defendants indicates that CMC is logging Plaintiff's legal mail, and that he did not mail any motions or pleadings to the Court before expiration of the deadline to file pre-trial documents. (Doc. 99 at 5; Kallberg Decl. ¶¶ 7-8; Pennisi Decl. ¶¶ 6-7 and Ex. C.) His first document mailed to the Court was on September 26, 2025, after the deadline for filing his pre-trial statement. (*See* Ex. C to Pennisi Decl.)

### III.   Conclusion and Order

Plaintiff has not identified clear error nor manifest injustice in the Court's final order dismissing this action. Thus, the Court **ORDERS**:

1.  Plaintiff's motion for reconsideration, (Doc. 88), is **DENIED**.

2.  Plaintiff's additional motions, (Doc. 96, 100), are denied as moot.

3.  This action remains closed.

IT IS SO ORDERED.

Dated:   **March 16, 2026**

UNITED STATES DISTRICT JUDGE

5